UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CITY OF PEARLAND, TEXAS, | § |
| Plaintiff, | § |
| and the | § |
| STATE OF TEXAS, acting by and through the Texas Commission on Environmental Quality, a necessary and indispensable party, | § NO. 1:17-CV-00730-SS |
| v. | § |
| BLUE RIDGE LANDFILL TX, LP, | § |
| Defendant. | § |

**DEFENDANT'S RESPONSE TO THE TCEQ'S MOTION TO REMAND**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Blue Ridge Landfill TX, LP ("BRL") files this Response to the Texas Commission on Environmental Quality ("TCEQ")'s Motion to Remand [#24].

On August 28, 2017, the TCEQ appeared for the first time in this litigation and filed its Motion to Remand [#24]. The TCEQ's motion largely parrots the motion already on file by Plaintiff City of Pearland, Texas ("Pearland") [#22]. BRL's response to Pearland's motion canvasses the relevant Fifth Circuit case law and explains the basis for diversity jurisdiction. Those arguments apply with equal force to the TCEQ's motion, and will not be repeated here.

BRL files this response to rebut three additional arguments advanced by the TCEQ (but not by Pearland). First, the TCEQ is not a "real party in interest," but is instead a nominal or formal party. Second, the TCEQ's entitlement to sovereign immunity does not control the "alter

1

ego" analysis. Third, BRL's removal is not technically defective. The motion to remand should be denied.

## ARGUMENT

**I.     The TCEQ is not a "real party in interest."**

1.     The TCEQ contends it is a "real party in interest" whose participation in this lawsuit is necessary to "insure a genuine adversary issue between the parties." *See Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 428 (5th Cir. 2008) (internal quotation marks omitted). That argument is both factually and legally backwards.

2.     Factually, it should be obvious that the TCEQ's participation is *not* necessary to create a genuine adversary issue. Pearland filed this lawsuit and is seeking more than one million dollars in penalties from BRL. Pearland and BRL are undeniably adverse, and the current clash between them proves the existence of a genuine adversary issue without the TCEQ's participation. Moreover, the TCEQ has not sought any relief in this action (other than remand), so it can hardly be said to be creating an adversary issue through its participation.

3.     Legally, the *Caldwell* case itself demonstrates why the TCEQ's position is wrong. In *Caldwell*, the State of Louisiana filed a lawsuit against a group of insurance companies and their corporate advising company for violating the Louisiana Monopolies Act by conspiring to rig the value of policyholder claims. *See id.* at 422. But the Fifth Circuit held the policyholders—not the State of Louisiana—were the real parties in interest because they suffered the alleged harm. *Id.* at 429. *Caldwell* thus teaches that even when a state attorney general initiates a lawsuit, the state may not be the real party in interest. The TCEQ, represented here by the Texas Attorney General's office, is similarly situated to the State of Louisiana in *Caldwell*. It seeks to enforce *Pearland*'s

purported right to bring this private enforcement action to recover for alleged harms suffered by the residents of Pearland. It is therefore Pearland, not the TCEQ, which is the real party in interest.

4. Because the TCEQ is not a real party in interest in this lawsuit between Pearland and BRL, the TCEQ's citizenship may be disregarded for purposes of diversity jurisdiction.

**II. The TCEQ's sovereign immunity does not control the "alter ego" analysis.**

5. The TCEQ places great emphasis on its entitlement to sovereign immunity, contending that factor is "a crucial determinant of alter-ego status." *See* TCEQ's Mot. Remand [#24], at 12. But the controlling Fifth Circuit precedent holds otherwise. The Fifth Circuit has held the Harrison County Wastewater Management District is *not* an alter ego of the State of Mississippi, while simultaneously holding the District is entitled to sovereign immunity under Mississippi law. *PYCA Industries, Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1417–20 (5th Cir. 1996). If an agency's entitlement to sovereign immunity automatically made it an alter ego of the state, *PYCA Industries* would have been decided differently. The TCEQ cites *PYCA Industries* elsewhere in its motion, but makes no attempt to square the Fifth Circuit's holdings with its sovereign immunity argument.

6. This Court's most recent encounter with this issue is also distinguishable. *See Tex. Cnty. & Dist. Retirement Sys. v. Wexford Spectrum Fund, L.P.*, 953 F. Supp. 2d 726 (W.D. Tex. 2013) (Sparks, J.). In *Wexford*, this Court properly used sovereign immunity as one factor to be placed on the scale, as Fifth Circuit precedent demands. *See id.* at 730. The Court held the Retirement System was an alter ego of the State of Texas because "virtually all" of the *Tradigrain* factors, including sovereign immunity, weighed in favor of an alter ego finding. *Id.* Here, most factors weigh in the opposite direction, as explained in BRL's response to Pearland's motion to remand. There is no tension between this Court's holding in *Wexford* and its exercise of jurisdiction in this case.

3

**III.    BRL's removal is not defective.**

7.      The TCEQ contends BRL's removal is defective[1] because the TCEQ was not directly provided a copy of the notice of removal. This argument is meritless.

8.      First, a copy of the notice of removal was not served upon the TCEQ because the TCEQ had not appeared in the case at the time of removal. Despite being named as a "party" (not a plaintiff) in Pearland's petition, Pearland indicated it had not served the TCEQ. Responsibility for any lack of notice falls upon Pearland, who chose not to advise the TCEQ of the state court lawsuit.

9.      Second, the TCEQ obviously has actual notice of the removal of this case. Any failure to provide it with a copy of the notice of removal is therefore harmless and excusable. *See, e.g.*, *Pittman v. Monumental Life Ins. Co.*, No. 2:97CV250-B-B, 1998 WL 378359, at *2 (N.D. Miss. May 11, 1998) (denying motion to remand where plaintiffs "were not prejudiced" by late notice and timely moved to remand). Alternatively, because the TCEQ was apparently aware of the state court lawsuit, the TCEQ received constructive notice of the removal by the filing of the removal papers with the state court. *Cf. Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) (state court given constructive notice of removal even though removing party failed to file removal paperwork).

10.     Finally, the TCEQ was not required to be provided with notice of removal in this case. The relevant statute requires "written notice" of removal to be provided to "all adverse parties." 28 U.S.C. § 1446(d). BRL had no reason to think the TCEQ was an adverse party because the TCEQ has already resolved its dispute with BRL regarding the same subject matter of

---

[1] To the extent the TCEQ may also be suggesting BRL's notice of removal is defective for failing to provide "legal or factual support" for the TCEQ's status as an independent agency, that argument should be rejected. The removal statute merely obligates BRL to plead "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). It is not necessary for BRL to fully brief its jurisdictional argument to effect removal.

this litigation through an Agreed Order. The TCEQ still has not made any claims against BRL in this case. It has not identified itself as a plaintiff, joined Pearland's petition, or filed its own pleading to assert claims for relief. That should not be surprising, since any attempt by the TCEQ to relitigate this issue against BRL would signal to every business in the State of Texas that negotiating with the TCEQ is a fool's errand and that good faith cooperation will be rewarded with a knife in the back. The TCEQ's minimalist participation is indicative of the TCEQ's role in this litigation as a nominal or formal party whose presence is statutorily required but not practically necessary.

## **CONCLUSION**

For the foregoing reasons, Defendant Blue Ridge Landfill TX, LP respectfully requests the Court deny the TCEQ's Motion to Remand.

Respectfully submitted,

BECK | REDDEN LLP

By:    */s/ Troy Ford*
    Troy Ford
    State Bar No. 00790980
    tford@beckredden.com
    Owen J. McGovern
    State Bar No. 24092804
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Tel: 713-951-3700
Fax: 713-951-3720

    Karson K. Thompson
    State Bar No. 24083966
    kthompson@beckredden.com
515 Congress Avenue, Suite 1900
Austin, Texas 78701
Tel: 512-708-1000
Fax: 512-708-1002
**ATTORNEYS FOR DEFENDANT**
**BLUE RIDGE LANDFILL TX, LP**

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document was filed with the Court's CM/ECF system on September 19, 2017, which will provide electronic notice of filing to all counsel of record:

**OFFICE OF THE CITY ATTORNEY, CITY OF PEARLAND, TEXAS**
Darrin M. Coker
dcoker@pearlandtx.gov
3519 Liberty Drive
Pearland, TX 77581
Tel: 281-652-1664
Fax: 281-652-1679

**SCOTT, RAY & SULLIVAN PLLC**
Daniel W. Ray
daniel@scottraylaw.com
Abigail K. Sullivan
abigail@scottraylaw.com
Katrina Pemberton
katrina@scottraylaw.com
P.O. Box 1353
2608 Stonewall Street
Greenville, TX 75402
Tel: 903-454-0044
Fax: 903-454-1514

**BAKER WOTRING LLP**
Earnest W. Wotring
ewotring@bakerwotring.com
Debra Tsuchiyama Baker
dbaker@bakerwotring.com
John Muir
jmuir@bakerwotring.com
Karen Dow
kdow@bakerwotring.com
700 JPMorgan Chase Tower
600 Travis
Houston, TX 77002
Tel: 713-980-1700
Fax: 713-980-1701

**ATTORNEYS FOR PLAINTIFF CITY OF PEARLAND, TEXAS**

                                          */s/ Troy Ford*
                                          Troy Ford

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CITY OF PEARLAND, TEXAS, | § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| and the | | |
| STATE OF TEXAS, acting by and through the Texas Commission on Environmental Quality, a necessary and indispensable party, | | NO. 1:17-CV-00730-SS |
| v. | | |
| BLUE RIDGE LANDFILL TX, LP, | | |
| Defendant. | | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the Court is the Texas Commission on Environmental Quality's Motion to Remand [#24]. Having considered the motion, the response, any arguments of counsel, the applicable law, and the file as a whole, the Court finds the motion should be **DENIED.**

Accordingly,

**IT IS ORDERED THAT** the TCEQ's Motion to Remand [#24] is **DENIED**.

SIGNED this _____ day of _____, 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE